FILED

MAY 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLAY FIELDS,

               Plaintiff - Appellant,

   v.

SALT RIVER PIMA-MARICOPA
INDIAN COMMUNITY,

           Defendant - Appellee.

No. 09-16814

D.C. No. 2:09-cv-00309-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 10, 2010[**]
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

"Indian tribes have long been recognized as possessing the common-law

immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). In practice, this means that "suits against [Indian tribes] under the Indian Civil Rights Act ("ICRA") are barred by . . . sovereign immunity from suit." *Id.* at 59. Here, Fields directly sued the Salt River Pima-Maricopa Community for a violation of the ICRA. The suit is barred by sovereign immunity.

Congress has created jurisdiction for only one type of claim under the ICRA: habeas corpus challenges to detention. "Congress, aware of the intrusive effect of federal judicial review upon tribal self-government, intended to create only a limited mechanism for [review under the ICRA], namely, that provided for expressly in § 1303 [the provision of the ICRA providing for habeas relief]." *Santa Clara Pueblo*, 436 U.S. at 70. Here, Fields did not bring a claim for habeas relief under § 1303 of the ICRA. Thus, Fields's claim is not authorized under the ICRA, and federal courts do not have jurisdiction to review it. We are not persuaded by Fields's arguments regarding *Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes*, 623 F.2d 682 (10th Cir. 1980). *Dry Creek* is inconsistent with Supreme Court and Ninth Circuit precedent.

AFFIRMED.